R. E. MEDFORD v. THE STATE.

No. 3397. Decided January 27, 1915.

Rehearing granted February 24, 1915.

1.—Assault to Murder—Statement of Facts.

Where the statement of facts was inadvertently omitted and not forwarded to this court, by no fault of appellant, the same will be considered on appeal.

2.—Same—Continuance—Diligence—Materiality of Testimony.

Where the application for continuance showed proper diligence and the materiality of the testimony, the same should have been granted, and was reversible error.

Appeal from the District Court of Fannin. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of assault with intent to murder and a conviction of aggravated assault; penalty, a fine of $100 and nine months confinement in the county jail.

The opinion states the case.

*J. W. Donaldson* and *Cunningham & McMahon,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—This record is before us without a statement of facts. Under an indictment charging assault with intent to murder appellant was convicted of aggravated assault. In the absence of statement of facts appellant's assignment of error on the refusal of the continuance can not be intelligently revised. The matters set forth in the motion for new trial are in the same condition. In order to intelligently review those matters the testimony would be necessary.

As the record is presented the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

#### February 24, 1915.

DAVIDSON, JUDGE.—At a former day of the term the judgment herein was affirmed, there being then no statement of facts in the record. It is made to appear, without fault of defendant, and without his knowledge, that the statement of facts was not forwarded with the transcript. The clerk in the court below certifies it was his fault. He thought the statement of facts had been filed, and counsel also relied upon that fact, and were not aware of the clerk's failure to forward the evidence to this court until the opinion was handed down. It is made to appear that the statement of facts was properly approved and filed in the trial court within the time, and should have accompanied the record. The evidence is, therefore, before us, and the case will be considered on its merits.

We deem it unnecessary to discuss more than one question, towit: the failure of the court to continue the case. When called for trial the case was postponed on account of the absence of the witness Upchurch. The motion to continue, the certificate of the doctor, and the evidence on motion for new trial may be concreted into this statement: That the witness was absent through no fault of his or of the defendant; that he had had an operation performed for appendicitis and was unable on account of that and some complications to attend court. This seems to have been uncontroverted, and may be taken as true. So the diligence was sufficient, and the materiality, we think, is beyond controversy. The State's theory was that appellant shot at Schrimpsher with a view of killing him. The defendant's theory was that he did not shoot at him, and, among other material facts, he purposed to show that the discharge of the gun was accidental; and by some of the testimony, that his wife had taken the gun from him and was undertaking to let down the hammer when it was accidentally discharged. The State also contended by its testimony that the shot was fired passing

within a foot of where Schrimpsher stood, missing him and striking the opposite wall of the house. Appellant purposed to show by testimony that that was not true; that the ball did not pass within eight or ten or perhaps more feet of Schrimpsher. All this was very important testimony to the defendant, and had the jury believed this testimony they certainly would have acquitted him. If appellant shot at Schrimpsher under the contention of the State, he would have been guilty of an assault. If the matter occurred as he purposed to prove by his absent witnesses, he did not shoot at him and, therefore, not guilty of an assault. The issues were sharp and incisive. Appellant was entitled to have this testimony.

The rehearing is granted, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*